**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| JOANN BAILEY, et al. | CIVIL ACTION |
| VERSUS | NO. 05-5193 |
| LAWLER-WOOD HOUSING, LLC, et al. | SECTION: I/2 |

**ORDER AND REASONS**

Before the Court is a motion to dismiss plaintiffs' class action complaint filed on behalf of defendants, Lawler-Wood Housing, L.L.C., Lawler-Wood, L.L.C., Tivoli GP, L.L.C., and Tivoli II, L.L.C.[1] Plaintiffs, Joann Bailey, Clifton Bonvillian, III, and Ray Menard, are lessees at Tivoli Place, an apartment building in New Orleans, who allege they were wrongfully evicted from the building following Hurricane Katrina. Defendants argue, pursuant to Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure, that plaintiffs' class action complaint fails to plead fraud with any particularity and fails to state a claim for wrongful eviction or a claim pursuant to the Fair Housing Act, 42 U.S.C. §§ 3601-31. For the following reasons, defendants' motion

---

[1] Rec. Doc. No. 18.

to dismiss is **DENIED.**

**I. Defendants' Rule 9(b) Motion**

Rule 9(b) requires that fraud be plead with particularity.[2] Fed. R. Civ. P. 9(b). Defendants suggest that plaintiffs' complaint includes allegations of fraud and, therefore, must comport with Rule 9(b)'s heightened pleading requirement. Citing *Vess v. Ciba-Geigy Corp.*, 317 F.3d 1097, 1103-04 (9th Cir. 2003), defendants contend that Rule 9(b) applies because plaintiffs' claims of wrongful eviction and for violations of the Fair Housing Act "sound" in fraud.

In *Vess v. Ciba-Geigy Corporation*, the United States Court of Appeals for the Ninth Circuit held that the pleading requirements of Rule 9(b) apply to claims that are "grounded" in fraud or "sound" in fraud. 317 F.3d 1097, 1103-04. The *Vess* court did not hold that Fair Housing Act claims or wrongful eviction claims are subject to Rule 9(b) or that such claims sound in fraud. While this Court has found several federal statutory fraud claims not alleged in this case, *e.g.*, claims made pursuant to the False Claims Act (31 U.S.C. §§ 3729-33) and RICO (18 U.S.C. §§ 1961-68), it has been unable to locate and defendants have not provided a single case where a Fair Housing Act claim was subjected to Rule 9(b)'s particularity requirement.

[2] Fed. R. Civ. P. 9(b) states in pertinent part, "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."

Similarly, defendants do not cite any Louisiana jurisprudence which would support a determination that plaintiffs' wrongful eviction claim sounds in fraud. As alleged, the Court finds that plaintiffs' Fair Housing Act and wrongful eviction claims do not sound in fraud. Accordingly, plaintiffs' claims are sufficiently plead and defendants' motion to dismiss pursuant to Rule 9(b) must be denied.

**II. Defendants' Rule 12(b)(6) Motion**

In order to determine whether a motion to dismiss has merit, Fifth Circuit law instructs that "the standard to be applied to a motion to dismiss under Federal Rule 12(b)(6) is a familiar one." *Jefferson v. Lead Ind. Ass'n. Inc.*, 106 F.3d 1245, 1250 (5th Cir. 1997). The district court must take the factual allegations of the complaint as true and resolve any ambiguities or doubts regarding the sufficiency of the claim in favor of the plaintiff. *Fernandez-Montes v. Allied Pilots Ass'n.*, 987 F.2d 278, 284 (5th Cir. 1993). The complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff cannot prove any set of facts in support of her claim that would entitle her to relief. *Fernandez-Montes*, 987 F.2d at 284, 285; *Leffall v. Dallas Independent School District*, 28 F.3d 521, 524 (5th Cir. 1994). However, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss. *Fernandez-Montes*, 987 F.2d at

284; *Tuchman v. DSC Communications Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994).

First, defendants' argue that plaintiffs fail to state a claim based on paragraph XIII, subparagraph D, of the complaint wherein plaintiffs state that they "do not have a personal interest in the outcome of this litigation." Defendants argue that without a personal stake in this action, plaintiffs are not the real party in interest pursuant to Rule 17(a) of the Federal Rules of Civil Procedure.[3] Defendants' contention is misguided.

The statement of plaintiffs that they do not have a personal stake in this action is plainly located under "Count One - Class Action," and relates solely to plaintiffs' qualifications to fairly and adequately represent a potential class pursuant to Rule 23 of the Federal Rules of Civil Procedure. The statement does not evidence plaintiffs' lack of a material interest in their claims against defendants. Therefore, the Court is not persuaded by defendants' Rule 17(a) argument.

---

[3] Rule 17(a) of the Federal Rules of Civil Procedure provides:

> Every action shall be prosecuted in the name of the real party in interest. An executor, administrator, guardian, bailee, trustee of an express trust, a party with whom or in whose name a contract has been made for the benefit of another, or a party authorized by statute may sue in that person's own name without joining the party for whose benefit the action is brought; and when a statute of the United States so provides, an action for the use or benefit of another shall be brought in the name of the United States. No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.

Second, defendants contend that plaintiffs' complaint fails to state a claim under Louisiana's wrongful eviction law. Defendants urge the Court to dismiss plaintiffs' wrongful eviction claim because plaintiffs do not allege (1) that they were "wrongfully dispossessed" of the leased property, (2) that the building was habitable, or (3) that they were unable to take "peaceable possession" of their apartment units following Hurricane Katrina.

The duties of a landlord are enumerated in Louisiana Civil Code article 2682, which provides:

> The lessor is bound:
> (1) To deliver the thing to the lessee;
> (2) To maintain the thing in a condition suitable for the purpose for which it was leased; and
> (3) To protect the lessee's peaceful possession for the duration of the lease.

La. Civ. Code, art. 2682. "Should the lessor wrongfully dispossess the lessee from the premises, he is answerable in damages, unless the lessor complies with the substantive law and judicial processes created to effectuate an eviction." *Bill Kassel Farms, Inc. v. Paul*, 690 So. 2d 807, 809 (La. App. 3d Cir. 1996)(citations omitted). Plaintiffs allege that Tivoli Place was habitable and fit for peaceable possession.[4] Plaintiffs also allege that they have been denied access to their apartments

---

[4] Rec. Doc. No. 1, ¶¶ XVIII, VII-IX.

beginning on or about October 7, 2005.[5] Based on these allegations as well as plaintiffs' other allegations, the Court cannot find that plaintiffs cannot prove any set of facts which would entitle them to relief.

Finally, with respect to their Fair Housing Act claim, 42 U.S.C. §§ 3601-31, the Court finds that plaintiffs have adequately stated a claim. Section 3604(a) makes it unlawful "[t]o refuse to sell or rent after the making of a bona fide offer, or to refuse to negotiate for the sale or rental of, or otherwise make unavailable or deny, a dwelling to any person because of race . . . ." 42 U.S.C. § 3604(a). A Fair Housing Act violation may be established "by a showing of significant discriminatory effect." *See Simms v. First Gibraltar Bank*, 83 F.3d 1546, 1555 (5th Cir. 1996).

Plaintiffs contend that the actions of defendants had a discriminatory impact.[6] Plaintiffs maintain that Tivoli Place is a low-income housing community primarily for the elderly and disabled and that a majority of the plaintiffs are African-American. While plaintiffs have not alleged that defendants intentionally treated non-African-American tenants differently, their allegation that defendants' actions had a disproportionate impact on African-Americans, nevertheless, states a cognizable

[5] *Id.* at ¶¶ X-XV

[6] *Id.* at ¶¶ XXI-XXIII.

Fair Housing Act claim. Accordingly,

**IT IS ORDERED** that the motion to dismiss of defendants, Lawler-Wood Housing, LLC, Lawler-Wood, LLC, Tivoli GP, LLC, and Tivoli II, LLC, is **DENIED.**

New Orleans, Louisiana, January 13th, 2006.

**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**